**No. 50963.**—Protest 115734–K of C. J. Tower & Sons (Buffalo).

Opinion by Cline, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919).   In accordance therewith the claim for free entry was sustained.

**No. 50964.**—Protests 116135–K, etc., of C. J. Tower & Sons (Buffalo).

Opinion by Cline, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919).   In accordance therewith the claim for free entry was sustained.

**No. 50965.**—Petition 6432–R of W. T. Grant Co. (New Orleans).

Opinion by Cline, J.   The petition was dismissed.

**No. 50966.**—Protest 41989–K of Samuel Shapiro & Co., Inc. (Baltimore).

Opinion by Ekwall, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protest was sustained to this extent.

Before the First Division, March 28, 1946

**No. 50967.**—Petition 6441–R of Herbert B. Moller (Tampa).

Opinion by Oliver, P. J.   From the testimony it appeared that the importer had cabled the manufacturer in Spain for prices on the floats prior to shipment of same but due to unusual wartime conditions did not receive an answer thereto until after entry.   When the letter quoting higher prices was received, he did nothing about it, as he figured it was intended to cover only subsequent shipments. On the entire record and from an observation of the demeanor of the witnesses in court, it was held that neither the importer nor his brokers had any intention to defraud the revenue of the United States or to deceive or to mislead the appraiser. The petition was therefore granted.